**UNITED STATES of America, Appellee,**

v.

**James Crawford McAFEE, Lloyd Cowan Parker, William Bull Pringle, III, Appellants.**

**No. 85–1355.**

United States Court of Appeals, First Circuit.

Dec. 29, 1986.

Robert F. Muse and Ronald Kovner, Boston, Mass., on brief, for appellant Pringle.

Robert W. Ritchie, Knoxville, Tenn., for appellant Parker.

Herbert S. Moncier, Knoxville, Tenn., for appellant McAfee.

Gary S. Katzmann, Asst. U.S. Atty. and Robert S. Mueller, III, U.S. Atty., Boston, Mass., on brief, for appellee.

Before COFFIN, Circuit Judge, TIMBERS,* Senior Circuit Judge, BOWNES, Circuit Judge.

## ORDER OF COURT

On October 6, 1986, — U.S. —, 107 S.Ct. 49, 93 L.Ed.2d 10 (1986), the Supreme Court of the United States granted the government's petition for writ of certiorari in this case, vacated the judgment of this court and remanded the case to us for further consideration in light of *Henderson v. United States*, 476 U.S. —, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

In order to apply *Henderson* properly, we have to take into consideration the history of this case. In *United States v. Pringle*, 751 F.2d 419 (1st Cir.1984), we affirmed the convictions of these defendants on the merits and then wrestled with the alleged Speedy Trial Act violations. The heart of defendants' motion to dismiss for violation of the Speedy Trial Act was a yearlong delay between the filing of fifteen motions and the hearing on them. The district court had excluded this entire period from the Speedy Trial Act clock under 18 U.S.C. § 3161(h)(1)(F) which provides for exclusion for "delay resulting from any

pretrial motion, from the filing of the motion through the conclusion on, or other prompt disposition of such motion." We held this exclusion to be in error under our rule announced in *United States v. Mitchell*, 723 F.2d 1040 (1st Cir.1983), that subsection (F) only permits reasonably necessary delay between the filing of pretrial motions and a hearing on them and that district courts shall make "specific and reasonably contemporaneous statements of reasons for any extended exclusions of time between filing and hearing ... of pretrial motions." *Id.* at 1047. A factor in *Pringle* that might have caused the delay was whether the district court had relied on defense counsel's statement to it that defendants waived their rights to a speedy trial. Because we were not sure of the reasons for the delay in deciding the pretrial motions and because *Mitchell* had been decided after *Pringle*, we remanded for a determination by the district court of the reason for the delay in deciding the pretrial motions and a finding as to whether the time was excludable. *Pringle*, 751 F.2d at 435.

On remand, the district court found the delay excludable and defendants appealed, *sub nom. United States v. McAfee*. We found on examining the transcript of the remand hearing that the "primary cause of the delay in this case was the administrative mixup which prevented the court from exercising proper control of the case, indeed from even knowing that the case was on the docket." *United States v. McAfee*, 780 F.2d 143, 146 (1st Cir.1985). We held that such a delay was not excludable under the Speedy Trial Act and that dismissal of the indictment was mandated by 18 U.S.C. § 3162(a)(2). Because the government had relied on the express waiver of the Speedy Trial Act by defense counsel, we dismissed the indictment without prejudice. We now consider *Henderson*.

In *Henderson*, the Court held "that Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing is 'rea-

sonably necessary.'" 106 S.Ct. at 1876. The Court further held that "[t]he provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." *Id.* at 1877. Based on these holdings, we must reverse our holding in *McAfee* that the Speedy Trial Act was violated. Defendants argue that the administrative mix-up delay is unrelated to pretrial motions and subsection (F) does not apply to this situation. We disagree for two reasons. First, there would have been no remand in *Pringle* except for our rule that (F) only permitted reasonably necessary delay. Second, the Court's holding that "[t]he provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion" must include time consumed because of an administrative mixup. As Justice White pointed out in his dissent: "There is no requirement that the hearing be held promptly, and the reason for the delay is irrelevant." *Henderson v. United States,* 106 S.Ct. at 1878.

Our dismissal of the indictment is withdrawn; the convictions of all defendants are affirmed.