**UNITED STATES of America**

v.

**Fawaz YUNIS.**

**Crim. A. No. 87–0377.**

United States District Court,
District of Columbia.

Jan. 26, 1989.

## PRETRIAL MEMORANDUM
## ORDER NO. 9

### (Denying Defendant's Motion to Dismiss for Lack of Speedy Trial)

BARRINGTON D. PARKER, Senior District Judge.

Counsel for defendant Fawaz Yunis has filed a motion to dismiss the pending indictment with prejudice, claiming that the government has violated his client's rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1988) ("Act"), and the Sixth Amendment to the United States Constitution.

The Court has considered the memoranda of counsel, the underlying material facts, and the relevant case law, and determines that neither the defendant's statutory right nor his constitutional right to a speedy trial has been violated. Accordingly, the defendant's motion to dismiss is denied.

### A.

On September 13, 1987, Fawaz Yunis was arrested under a United States Magistrate's warrant by agents of the Federal Bureau of Investigation ("FBI") in international waters of the Mediterranean Sea. Thereafter, Yunis was immediately transferred to a United States naval vessel engaged in NATO maneuvers. He was confined on that vessel in the custody of the FBI until September 17, 1987. Over the course of nine interrogation sessions held during the four-day period, and prior to an air flight to the United States, the FBI agents secured a written confession from defendant. A challenge to defendant's confession was sustained by this Court. *United States v. Yunis,* 681 F.Supp. 909 (D.D.C. 1988). That ruling was reversed by the Court of Appeals. *United States v. Yunis,* 859 F.2d 953 (D.C.Cir.1988).

On September 17, 1987, Yunis was arraigned on an original indictment. On October 6, 1987, he was arraigned on a superceding indictment and entered a not guilty plea. The indictment charged defendant with several criminal offenses including hostage taking, placing a destructive device aboard and damaging an aircraft, and aircraft piracy. The defendant has been awaiting trial, held without bond, since September 13, 1987.

### B.

The Speedy Trial Act requires that the trial of a defendant held in custody on a federal charge or the trial of a high-risk defendant shall commence within 90 days following the beginning of continuous detention. 18 U.S.C. § 3164 (1988). The time period may be tolled by certain events which are considered "excludable delay." Three of the enumerated categories of excludable delay apply to this case: § 3161(h)(1)—delays due to "other proceedings concerning the defendant"; § 3161(h)(1)(E)—delays resulting from interlocutory appeals; and § 3161(h)(1)(F)—delays attributable to pretrial motions.

■■] From the legislative history of the Act it is clear that "other proceedings concerning the defendant" is to be read broadly. The category includes: bail hearings, preliminary examinations, arraignment proceedings, pretrial conferences and Rule 15 depositions. In this case, at the very least the dates of the indictment, arraignments, and bond litigation would be excluded under § 3161(h)(1).

■■ There have been two interlocutory appeals filed by the government. The first, an appeal of the Court's ruling granting suppression of defendant's confession, was noticed on March 3, 1988, and the Court of Appeals issued its mandate on October 25, 1988. The time period involved is clearly excludable.

■■ The second interlocutory appeal, challenging the Court's ruling denying the government's opposition to discovery by defendant of certain documents under the Classified Information Procedures Act, 18 U.S.C.App. §§ 1–16, was filed on October 26, 1988. Oral argument was heard on January 9, 1989, but the Court of Appeals has not yet issued its ruling. Again, the speedy trial clock has been tolled and this

time period is also excluded from the calculations. The trial of the defendant cannot commence until the interlocutory appeal has been decided by the Circuit Court and the mandate has been issued.

The Act also excludes delays resulting from the filing of any pretrial motion. § 3161(h)(1)(F). The exclusion of time between the filing and disposition of pretrial motions is "automatic." *United States v. Wilson*, 835 F.2d 1440, 1443 (D.C.Cir.1987). While numerous pretrial motions have been filed by counsel, their responses have been prompt and have rarely required extensions of time.

■ As of this date, January 26, 1989, approximately 499 days have passed since the defendant's arrest. Under § 3161(h), 469 days have been excludable and approximately 30 of the maximum 90 speedy trial days have elapsed. During the past 16 months, there have been overlapping periods of delay which are justifiable under more than one category of excludable delay. Presently, the speedy trial clock is stopped, but it will resume once the pending motions have been ruled upon or when the mandate is issued on the pending interlocutory appeal, whichever occurs later.

Since the tolling provisions of the Act unquestionably apply to delays resulting from the disposition of numerous pretrial motions and two interlocutory appeals, it is clear that there has been no violation of the Speedy Trial Act.

### C.

Defendant's counsel also asserts that his client's right to a speedy trial as guaranteed by the Constitution has been violated. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury...." Such challenges receive separate review distinct from the Speedy Trial Act. *United States v. Gonzalez*, 671 F.2d 441, 442–43 (11th Cir.), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). It is an unusual case, however, in which the Sixth Amendment right has been violated when the Act's time limit has been

met. *United States v. Nance*, 666 F.2d 353, 360 (9th Cir.), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

Litigation concerning this constitutional right is highly fact-specific and centers on the application of the major case *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, a unanimous Supreme Court identified four factors which lower courts are to assess in determining whether the speedy trial right of a particular defendant has been violated: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191–92.

■ Although more than 16 months have passed since Yunis' arrest, this case has moved as expeditiously as possible given the circumstances of this case. Delays have been attributable to court proceedings, pretrial motions, and interlocutory appeals. These are all valid reasons which impact the trial date.

The Court recognizes that defendant has asserted his right to a speedy trial in a timely fashion, but finds that his right has not been violated at this point.

The delay in beginning the trial in this proceeding is unfortunate, but it is not sufficiently prejudicial to justify dismissal of the indictment. Defendant has been charged with very serious crimes and as the First Circuit has remarked, "[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir.1988).

After weighing the four *Barker* factors, this Court concludes that Yunis's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, it is this 26th day of January, 1989,

### ORDERED

That defendant's statutory and constitutional rights to a speedy trial have not been

violated. Defendant's motion to dismiss the indictment with prejudice is denied.