## UNITED STATES

v.

## Victor BELLUCCI.

## Crim. No. 85–58–T.

United States District Court,
D. Massachusetts.

May 2, 1990.

Robert B. Elard, Commander U.S. Coast Guard, and Jeffrey Locke, Asst. U.S. Atty., for defendant.

William A. Brown, Brown & Prince, Boston, Mass., for Victor Bellucci.

## MEMORANDUM

TAURO, District Judge.

Defendant Victor Bellucci was indicted on August 10, 1982, as part of *United States v. Pioggia, et al.*, CR No. 82–231–K (D.Mass.) (Keeton, J.), for allegedly conspiring to distribute cocaine. Defendant was arrested on September 22, 1983 and, on September 30, 1983, filed a motion to reduce bond, which Judge Keeton denied on October 3, 1983. Two days later, defendant filed a motion for acceptance of surety, which Judge Keeton allowed on October 21, 1989. The *Pioggia* indictment against defendant was ultimately dismissed without prejudice, however, because the government was unable to secure the appearance of an essential witness.

Defendant was re-indicted on February 13, 1985 on essentially the same charge and underlying facts as in *Pioggia*. Because the government had some difficulty locating him, however, defendant was not arrested until September 23, 1989.

A detention hearing was held before a magistrate on October 10, 1989, and the conditions of defendant's release were issued on October 17, 1989. On February 13, 1990, the government moved for a status conference, and the requested conference was held on February 22.

Presently at issue is defendant's motion to dismiss, filed on March 16, 1990.[1]

---

**1.** Several proceedings, other than those mentioned here, occurred between the time of defendant's arrest in *Pioggia* and the filing of the present motion. Because those proceedings are not at the heart of the present dispute, however, they are omitted from this discussion. To the extent that the parties dispute the occurrence, dates, or effects of any proceedings, this memorandum adopts the government's version of the procedural history, as it is corroborated by the dockets.

## I.

Defendant moves to dismiss the indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The Speedy Trial Act requires that a criminal trial commence within seventy days of a defendant's first appearance in federal court. 18 U.S.C.A. § 3161(c)(1) (West 1985). Certain periods of delay are to be excluded from the seventy-day calculation, however. 18 U.S.C.A. § 3161(h) (West 1985). Defendant argues that more than seventy includable days have elapsed since his first appearance in *Pioggia* and, therefore, his indictment must be dismissed. *See* 18 U.S.C.A. § 3162(a)(2) (West 1985); *United States v. Hastings*, 847 F.2d 920, 924 (1st Cir.1988) (where trial does not commence within speedy trial period, court must order dismissal), *cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988).

Both parties agree that where, as here, a defendant is charged in an indictment alleging essentially the same facts as a previously dismissed indictment, the time remaining on the Speedy Trial clock at the time of dismissal of the first indictment shall be the time within which the defendant must be brought to trial on the second indictment. 18 U.S.C.A. § 3161(h)(6) (West 1985). The parties dispute, however, how many days remained on the clock by the close of *Pioggia* and, of those days, how many had expired in this case.

The government contends that only seven includable days had expired in *Pioggia*, thus leaving sixty-three days within which defendant must be brought to trial in this case. Moreover, the government argues, only fifty-eight of those sixty-three days have expired, thus bringing defendant five days within the seventy-day Speedy Trial time period.

Defendant rejects the government's calculation for two reasons. First, it fails to include the twenty-eight days during which defendant's pretrial detention and bond motions were under consideration by the magistrate. Second, it does not include the ten days during which the government's motion for a status conference was pending.

If defendant is correct, then the government only had twenty-five days, rather than sixty-three days, in which to bring defendant to trial. And, as fifty-eight days have already elapsed, defendant would be entitled to dismissal.

Defendant's challenge thus raises the issues of whether pretrial detention and bond proceedings, and motions for a status conference, are excludable under the Speedy Trial Act.[2]

## II.

The relevant sections of the Speedy Trial Act define as excludable time "any period of delay resulting from other proceedings

---

**2.** Defendant makes two other challenges to the government's calculation, both of which are unavailing. First, defendant contends that one of Judge Keeton's orders of excludable delay in *Pioggia* was improper. Specifically, on December 7, 1983, Judge Keeton ordered that the time from November 23, 1983 to January 6, 1984 was excludable because of the unavailability of an essential witness. Defendant argues that, because Judge Keeton "could not have had the prescience to anticipate unavailability [of the witness] for an additional month," his order of excludable delay should be ignored for purposes of this Speedy Trial calculation. Defendant offers no authority for ignoring the order, however, and the order is clearly reflected in the docket. Consequently, Judge Keeton's order stands.

Second, defendant argues that only twenty-one days were left on the Speedy Trial clock at the time the *Pioggia* indictment was dismissed, and bases this conclusion on prior calculations

made by the government. In particular, defendant points to a government motion, filed on November 21, 1983, stating that "the Speedy Trial Act requires that Mr. Bellucci's case go to trial within 123 days of September 30, 1983; that is by January 31, 1984." Because the case was dismissed on January 10, 1984, defendant argues that, by the government's own calculation, there were only twenty-one days left on the clock.

While the government's motion did contain that calculation, defendant's argument ignores the fact that the statement was made *before* Judge Keeton specifically ordered that the time between November 23, 1983 and January 6, 1984 was excludable delay. The government thus could not have known, at the time the calculation was made, to exclude those days. And, because the docket corroborates the government's more recent calculation, the government will not be bound by its earlier statement.

concerning the defendant, including but not limited to—

> ... delay resulting from any pretrial motion, from the filing of the motion through to the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C.A. § 3161(h)(1)(F) (West 1985); and

> ... delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

18 U.S.C. § 3161(h)(1)(J) (West 1985). Furthermore, a court has some discretion in determining what delay is excludable. A court may exclude time where, in doing so, "the ends of justice ... outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(8) (West 1985).

### A. Pretrial Detention and Bond Proceedings

■ The government argues that the motions regarding defendant's pretrial detention and bond are "pretrial motions" for purposes of § 3161(h)(1)(F), and the time during which they were pending is, therefore, excludable from the Speedy Trial calculation.

Defendant contends, however, that motions relating to pretrial detention are *not* "pretrial motions" for purposes of § 3161(h)(1)(F). He argues that a contrary view would create the paradoxical situation in which the more motions a defendant files in attempts to get out of jail, the more excludable time is generated, thus pushing the mandatory trial date further and further into the future. Conceivably, defendant argues, such a view would permit a court to keep a defendant in jail forever by continually denying or delaying decision on defendant's motions.

In support of his contention, defendant relies on *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983), *disapproved on other grounds, United States v. McAfee,* 808 F.2d 862, 864 (1st Cir.1986), in which the First Circuit held that a motion to suppress has a "pretrial character" because Fed.R.Crim.P. 12(b)(3) specifically lists motions to suppress as "pretrial motions." 723 F.2d at 1046. Defendant argues that, because Rule 12(b)(3) does not specifically list bail motions as "pretrial motions," they are not excludable under § 3161(h)(1)(F).

While defendant's argument is not without some force, the court in *Mitchell* did not appear to be creating a test for determining the pretrial character of motions generally. Rather, it was simply noting that a motion, clearly pretrial in nature, was not any less so simply because the magistrate had reserved it for hearing by the court. *Id.* The court was not, as defendant contends, suggesting that *only* those motions specifically listed in Fed.R. Crim.P. 12(b) are "pretrial motions."

Indeed, several other courts have already suggested that pretrial detention and bond motions are "pretrial motions" for purposes of § 3161(h)(1)(F). For example, in *United States v. Yunis,* 705 F.Supp. 33 (D.D.C.1989), the court held:

> From the legislative history of the Act it is clear that 'other proceedings concerning the defendant' is to be read broadly. The category includes: *bail hearings,* preliminary examinations, arraignment proceedings, pretrial conferences and Rule 15 depositions. In this case, at the very least the dates of the indictment, arraignments, *and bond litigation* would be excluded under § 3161(h)(1).

*Id.* at 34 (emphasis added).[3] Similarly, courts have held that "[t]he time period from the filing of [a defendant's motion for reduction of bond with request for an oral hearing] through the conclusion of the ...

---

**3.** The Supreme Court has also construed § 3161(h)(1)(F) broadly, and has held that its plain language excludes "any period of delay caused by any pretrial motion," whether or not the delay was "reasonably necessary." *Henderson v. United States,* 476 U.S. 321, 330,

106 S.Ct. 1871, 1877, 90 L.Ed.2d 299 (1986). While *Henderson* dealt with a motion to suppress rather than a pretrial detention or bond motion, its reasoning seems applicable generally.

hearing is clearly excludable under § 3161(h)(1)(F)," *United States v. Savoca*, 739 F.2d 220, 223 (6th Cir.1984), *vacated on other grounds*, 761 F.2d 292, 294 (6th Cir. 1985), and that a motion to reduce bond "falls within the § 3161(h)(1)(F) exclusion of delay resulting from any pretrial motion...." *United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984). Accordingly, the time spent on defendant's pretrial detention and bond issues in the present case was excludable delay under § 3161(h)(1)(F).

Furthermore, even if § 3161(h)(1)(F) is inapplicable here, § 3161(h)(1)(J) would exclude the pretrial detention and bond proceedings. The plain language of subsection (J) seems to apply directly here because the detention and bond proceedings were clearly "proceedings concerning the defendant" which were "actually under advisement by the court." [4] Indeed, the Fourth Circuit has relied on subsection (J) in holding that time used to appeal a bail order is excludable from the Speedy Trial clock. *United States v. Hawkins*, 788 F.2d 200, 202 (4th Cir.1986), *cert. denied*, 479 U.S. 850, 107 S.Ct. 176, 93 L.Ed.2d 112 (1986).[5] And, as was already noted, the "other proceedings concerning the defendant" provision in § 3161(h)(1) is to be read broadly to include bail hearings and bond litigation. *United States v. Yunis*, 705 F.Supp. 33, 34 (D.D.C.1989). Accordingly, § 3161(h)(1)(J), as well, excludes defendant's pretrial detention and bond proceedings from the Speedy Trial calculation.

**4.** Reliance on subsection (J) is perhaps more desirable here than reliance on subsection (F) because (J) provides an added protection against defendant's proposed paradox. Specifically, subsection (J) limits the excludable time to 30 days, thus making impossible defendant's hyperbolic example of a defendant remaining in jail forever. *Cf. United States v. Mitchell*, 723 F.2d 1040, 1047, n. 6 (1st Cir.1983) ("We agree with those circuits holding that the thirty-day limit of (J) applies to pretrial motions taken under advisement.").

**5.** It is true that the *Hawkins* court excluded the appeal partially because interlocutory appeals are specifically excluded under the Speedy Trial Act. *Id. See also* § 3161(h)(1)(E). The court also noted, however, that the appeal of the bail order "would also be excluded under [subsection] (J) because it was a proceeding concerning

## B. Motions for Status Conference

Even after excluding the pretrial detention and bond issues from the Speedy Trial calculation, however, the issue of the motion for a status conference is still relevant. If defendant is correct in arguing that the time of the motion's pendency is not excludable, then there would only be 53 days left on the clock rather than 63, of which 58 have already elapsed, thus requiring the dismissal of the indictment.

While this court has been unable to find any case or statute addressing this issue squarely,[6] it can be fairly concluded from Speedy Trial cases generally that the pendency of a motion for a status conference is excludable under §§ 3161(h)(1)(F) and (J).

In this regard, the Eleventh Circuit has set forth a useful interpretation of the coverage of subsections (F) and (J). In *U.S. v. Stafford*, 697 F.2d 1368 (11th Cir.1983), the court found:

The exclusion in (F) is granted in two situations and applies differently depending on which situation occurs. The first is when a pretrial motion requires a hearing. If a hearing is held, (F) by its terms excludes without qualification the entire period between the filing of the motion and the conclusion of the hearing. The second situation in (F) applies to motions which result in 'prompt disposition.' The inclusion of the promptness requirement was 'intended to provide a point at which time will cease to be excluded, where

the defendant and was under advisement for a period not exceeding thirty days." *Id.*

In his brief discussion of *Hawkins*, defendant notes that the court, while excluding the time for the appeal, included the time during which the motion to revoke the detention order was pending in the district court. While this is true as a factual matter, the court did not address the issue of whether that time was excludable. Rather, it held only that the time of the *appeal* was excludable, and this exclusion brought the government within the Speedy Trial period. It was therefore unnecessary for the court to address any other potential exclusions.

**6.** *Cf. United States v. Horton*, 705 F.2d 1414, 1416 (5th Cir.1983) (pendency of defendant's motions for hearing was excludable delay), *cert. denied*, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983).

motions are decided on the papers without hearing.' (F) apparently does not exclude time in a third situation—namely, where the motion requires no hearing and its disposition is not prompt. In this situation, however, (J) permits an exclusion of up to 30 days from the time the motion is 'actually under advisement' by the court.... Reading (F) and (J) together, (J) could be viewed as a time limitation on the exclusion period permitted for motions that require no hearing and are not promptly disposed of.

*Id.* at 1373 (citations omitted).[7] It appears, therefore, that, as long as a motion is disposed of promptly, the time for its disposition is automatically excluded. Indeed, the thirty-day limit in subsection (J) seems to serve as a "catch-all" provision to ensure that this presumption of automatic exclusion is not abused. Here, because the motion for a status conference was resolved in only ten days, it can be fairly said that its disposition was "prompt," therefore qualifying the motion for the second category of the subsection (F) exclusion, as described in *Stafford.*[8]

The legislative history also lends some support to this conclusion. Running throughout the committee reports is a clear intent on the part of Congress to broaden extensively the "excludable time" provisions in § 3161(h)(1).[9] Furthermore, even though, as defendant argues, a motion for status conference may not appear to be so significant as to merit excludable delay, "[t]he Speedy Trial Act ... provides no basis for limiting the exclusion of delay stemming from 'any pretrial motions' to delay from 'necessary' motions. *United States v. Morales,* 875 F.2d 775, 777 (9th Cir.1989). *See also, Henderson v. United States,* 476 U.S. 321, 326–27, 106 S.Ct. 1871, 1874–75, 90 L.Ed.2d 299 (1986) (period

of delay need not be reasonable to be excludable). Indeed, the legislative history suggests a presumption that any motion's prompt disposition is excludable unless Circuit guidelines or local rules are created to say otherwise. *See* S.Rep. No. 96–212, 96th Cong., 1st Sess., at 34 (1979). Accordingly, the pendency of the motion for status conference is excludable under § 3161(h)(1)(F).

Furthermore, the pendency of the motion is also excluded under § 3161(h)(1)(J). Like the pretrial detention and bond motions discussed above, this motion was a "proceeding concerning the defendant" which was "actually under advisement by the court." And, again, because the motion was pending for only ten days, the promptness of its disposition puts the motion safely within (J)'s thirty-day limit. *See* S.Rep. No. 96–212, 96th Cong., 1st Sess., at 34 (1979) ("simple or routine" motions are excludable, but should be under advisement for "considerably less than 30 days"). Accordingly, the pendency of the motion for status conference was also excludable under § 3161(h)(1)(J).

### III.

For the foregoing reasons, the pretrial detention and bond proceedings, and the pendency of the government's motion for status conference, are excluded from the Speedy Trial calculation. Consequently, the government had sixty-three days in which to bring defendant to trial, of which only fifty-eight days have elapsed. Accordingly, defendant's motion to dismiss is denied.

An order will issue.

---

**7.** The First Circuit has cited *Stafford* with approval. *See United States v. Mitchell,* 723 F.2d 1040, 1047 n. 6 (1st Cir.1983).

**8.** *Cf. U.S. v. Darby,* 744 F.2d 1508, 1518 (11th Cir.1984) (period of 6 days from filing of motion for continuance to denial of the motion constituted "prompt" disposition under *Stafford*).

**9.** *See, e.g.,* Speedy Trial Act Amendments Act of 1979, Pub.L. No. 96–43, 1979 U.S.Code Cong. & Admin.News 805, 808 (amendments respond directly to courts' failure to implement exclusions fully); *Id.* at 814 (subsection (F) was revised "to avoid an unduly restrictive interpretation of the exclusion...."); S.Rep. No. 96–212, 96th Cong., 1st Sess., at 33–4 (1979) (amendments expand, *inter alia,* "hearings on pretrial motions" provision).