**UNITED STATES of America**

v.

**Michael Anthony MAHONE**

**No. CR–03–93–B–W.**

United States District Court, D. Maine.

Sept. 17, 2004.

Richard L. Hartley, Billings & Silverstein, Bangor, ME, for Michael Anthony Mahone (1), Defendants.

James L. McCarthy, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

### ORDER DENYING MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT

WOODCOCK, District Judge.

## I. Introduction

On August 9, 2004, the Defendant, Michael Anthony Mahone, moved to dismiss

the December 10, 2003 Indictment, claiming the provisions of the Speedy Trail Act (STA), 18 U.S.C. § 3161 *et seq.*, have been violated.[1] This Court denies the Defendant's Motion to Dismiss, because when the periods excludable under 18 U.S.C. § 3161(h) are deducted, the seventy-day limit of 18 U.S.C. § 3161(c)(1) has not expired.

## II. Statement of Facts

The critical dates in the Defendant's case are as follows:

1. December 15, 2003: Initial Appearance;

2. December 15, 2003: Government's Motion for Detention;

3. December 23, 2003: Order of Detention Pending Trial;

4. December 23, 2003: Government's Demand for Notice of Alibi;

5. January 6, 2004: Superseding Indictment;

6. January 14, 2004: Arraignment on Superseding Indictment;

7. January 15, 2004: Order Mooting Motion to Compel;

8. January 22, 2004: Defendant's Motion for Funds;

9. January 26, 2004: Defendant's Motion for Funds;

10. January 27, 2004: Trial List, setting Jury Selection for March 9, 2004;

11. February 25, 2004: Defendant's Motion to Compel Discovery;

12. February 25, 2004: Defendant's Motion to Continue Trial;

13. February 25, 2004: Order Granting Defendant's Motion to Continue Trial;

14. February 26, 2004: Trial List, setting Jury Selection for April 6, 2004;

15. February 27, 2004: Speedy Trial Order, excluding the time from March 9, 2004 to April 6, 2004;

16. April 1, 2004: Defendant's Motions in Limine;

17. April 1, 2004: Government's Motion to Continue Trial;

18. April 1, 2004: Order Granting Government's Motion to Continue Trial;

19. April 22, 2004: Government's Motion to Continue Time within which to Respond to Motions in Limine;

20. April 23, 2004: Order Granting Government's Motion to Continue Time within which to Respond to Motions in Limine, extending time from April 22, 2004 to April 23, 2004;

21. April 23, 2004: Government's Responses to Defendant's Motions in Limine filed;

22. May 4, 2004: Defendant's Reply To Government's Responses to Motions in Limine due;

23. May 6, 2004: Notice of Hearing on Motion in Limine scheduled for June 25, 2004;

24. May 11, 2004: Defendant's Motion to Withdraw Motion to Compel Discovery;

25. May 11, 2004: Order Granting Defendant's Motion to Withdraw Motion to Compel Discovery;

26. June 25, 2004: Hearing on Motions in Limine;

27. June 30, 2004: Defendant's Memorandum on Motions in Limine;

28. July 7, 2004: Government's Response to Third Motion in Limine;

29. July 9, 2004: Defendant's Reply Brief due;

---

1. He also moved to dismiss the January 6, 2004 Superseding Indictment on the same basis.

30. July 22, 2004: Trial List, setting Jury Selection for September 7, 2004;

31. July 28, 2004: Government's Motion for Protection from Trial from August 24, 2004 through September 13, 2004;

32. August 6, 2004: Order on Motions in Limine;

33. August 9, 2004: Defendant's Motion to Dismiss under the Speedy Trial Act;

34. August 11, 2004: Second Superseding Indictment;

35. August 18, 2004: Defendant's Response to Motion for Protection due;

36. August 20, 2004: Order Granting Government's Motion for Protection from Trial; and,

37. September 7, 2004: Jury Selection.

## III. Discussion

### A. Section 3161(c)(1): Seventy–Day Requirement

The Defendant's first argument is based on a straight mathematical calculation. He first appeared before a judicial officer following the December 10, 2003 Indictment on December 15, 2003. Noting the STA requires that his trial must begin within seventy days after the date of arraignment, the Defendant calculates that seventy days from December 15, 2003 is February 23, 2004. Because trial was not commenced by February 23, 2004, the Defendant contends count one as set forth in the December 10, 2003 Indictment must be

dismissed. Further, because his jury was selected on September 7, 2004, the total lapse of time from arraignment to commencement of trial is 267 days.[2] The Defendant also contends this Court erred in granting the Government's Motion for Continuance on April 1, 2004 by failing to "provide its reasons for finding that the ends (of) justice *outweighed* the incarcerated defendant's interest in a speedy trial as required under 18 U.S.C. § 3161(h)(8)(A)." (Def.'s Mot. to Dismiss Under the Speedy Trial Act at ¶ 4 (Docket # 74)).

### B. The Speedy Trial Act Analytic Framework

■ Time under the STA has "both quantitative and qualitative dimensions." *United States v. Sepulveda,* 15 F.3d 1161, 1193 (1st Cir.1993), *cert. denied,* 512 U.S. 1223, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994). A violation of the STA occurs "only if (i) a sufficient number of days elapse (the quantitative benchmark), and (ii) the days are non-excludable (the qualitative benchmark)." *Id.* To assess a STA motion, an inquiring court "must follow a two-step process. First, the court must do the basic mathematics and determine the aggregate time that has elapsed awaiting trial. Second, it must determine how many days should be excluded from that ultimate sum." *United States v. Staula,* 80 F.3d 596, 600 (1st Cir.1996), *cert denied,* 519 U.S. 857, 117 S.Ct. 156, 136 L.Ed.2d 101 (1996).

---

**2.** The Defendant does not directly address the time period for the January 6, 2004 Superseding Indictment. However, a different calculation must be made for the Superseding Indictment adding count two. *United States v. Alford,* 142 F.3d 825, 829 (5th Cir.1998), *cert. denied,* 525 U.S. 1003, 119 S.Ct. 514, 142 L.Ed.2d 427 (1998). The Defendant entered a not guilty plea to count two on January 14, 2004 and using the same calculation, a strict

mathematical computation would move the STA date to March 24, 2004 on count two. The sentencing enhancement allegations contained in the Second Superseding Indictment of August 11, 2004 would not appear to affect the running of the STA on the earlier two Indictments. *See United States v. Barnes,* 251 F.3d 251, 258 (1st Cir.2001), *cert. denied,* 534 U.S. 967, 122 S.Ct. 379, 151 L.Ed.2d 289 (2001).

## C. The Quantitative Dimension

This first step is a mathematical calculation. The time period from December 15, 2003, the arraignment date on count one, to September 7, 2004, the date the jury was selected, is 267 days. The time period from January 14, 2004, the arraignment date on count two, to September 7, 2004 is 237 days. This Court now turns to the second part of the analysis: the number of excludable days under § 3161(h).

## D. The Qualitative Dimension: Section 3161(h) Exclusions

Section 3161(h)(1)(F) provides:

The following periods of delay shall be excluded in computing the time within which . . . trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . .

## 1. Pre–Trial Detention Motion: December 16, 2003 through December 23, 2003: Eight Days.

The Government contends that the period from December 15, 2003 to December 23, 2003, should be excluded from the STA calculation, because on the day of the arraignment, it filed a Motion for Detention, and this Court ruled on the Motion on December 23, 2003. The First Circuit has ruled that " 'any pretrial motion' easily encompasses pretrial motions relating to pretrial release or detention." *United States v. Schiavo*, No. 95–1437, 1996 WL 490008, at 7 (1st Cir. Aug.19, 1996); *see*

also *United States v. Noone*, 913 F.2d 20, 27 (1st Cir.1990), *cert. denied*, 500 U.S. 906, 111 S.Ct. 1686, 114 L.Ed.2d 81 (1991). The date the Motion was filed, December 15, 2003, is the day of arraignment; therefore, it was not counted as part of the basic seventy-day period and was already excluded for that reason. Section 3161(c)(1); *United States v. Jodoin*, 672 F.2d 232, 237 n. 7 (1st Cir.1982). Accordingly, the eight-day period from December 16, 2003 through December 23, 2003 is excludable from the STA calculation.

## 2. Demand for Notice of Alibi: December 24, 2003 [3] through January 15, 2004: Twenty–Three Days.

■ The Government contends the period from December 23, 2003 through January 15, 2004 should be excluded from the STA clock, because the Demand for Notice of Alibi was treated as a motion and referred to the Magistrate Judge for resolution. Although the Demand itself was not styled as a motion, the clerk's office treated the filing as a motion: "Motion to Compel *Notice of Alibi* by USA as to MICHAEL ANTHONY MAHONE. Responses due by 1/13/2004."

The Defendant did not respond. On January 15, 2004, Magistrate Judge Kravchuk issued the following ruling:

ORDER mooting Motion to Compel as to MICHAEL ANTHONY MAHONE. For some reason, this pleading was treated as a motion and referred to me for decision. Pursuant to Rule 12.1 a demand for notice of alibi is self-executing and can result in the court excluding the testimony of undisclosed witness (Rule 12.1(e)). There is nothing presently before the court that requires any judicial ruling.

Therefore, the STA calculation related to this Motion begins on December 24, 2003.

---

**3.** Because December 23, 2003 has already been excluded, it cannot be excluded again.

Rule 12.1 allows the government to request in writing that the defendant notify it of any intended alibi defense. Fed. R.Crim.P. 12.1(a)(1). The defendant has ten days within which to respond. Fed. R.Crim.P. 12.1(a)(2). If the defendant fails to respond, the potential sanction is set forth in Rule 12.1(e), which provides that the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi. Fed.R.Crim.P. 12.1(e). As Magistrate Judge Kravchuk ruled, the provisions of Rule 12.1 are self-executing. Although the failure of either the Defendant or the Government to comply with the provisions of the Rule could precipitate a motion, the mere filing of a Rule 12.1 Demand for Notice of Alibi does not require a judicial response.

The Government, however, argues that the period during which the Court decided how to treat the Demand for Notice of Alibi should be excluded. *See United States v. Rojo–Alvarez*, 944 F.2d 959, 966 (1st Cir.1991). In *Rojo–Alvarez*, the First Circuit addressed a government motion the defense contended was not a proper § 3161(h)(1)(F) motion. The papers were, however, styled as a motion, and the First Circuit concluded that the court "is entitled to exclude at least the period of time during which it considers how to treat the filing." *Id.* The First Circuit noted that there "appears to be no evidence of pretextual filing on the part of the government." *Id.*

Here, the decision to treat the Demand for Notice of Alibi was made by the clerk's office, not the Government and not the Defendant. Therefore, there is no evidence that the Government filed the paper on a

pretext to delay the proceeding. The administrative decision to treat the Demand as a motion does not implicate the warning the First Circuit expressed in *Staula:* "[W]e will not permit either the district court or the prosecution ... to thwart the concinnous operation of the Speedy Trial Act." *Staula*, 80 F.3d at 602, n. 3. Because the Demand was treated as a motion, and the Court issued a ruling on it, the time that the Court considered how to treat the filing is excludable under the STA.[4] *See Rojo–Alvarez*, 944 F.2d at 966.

### 3. Defendant's Motions for Funds: January 22, 2004 and January 26, 2004: Two Days.

■ The Defendant filed two ex parte Motions for Funds; each was granted the same day. Section 3161(h)(1)(F) states, "rather expansively," that delay resulting from "any pretrial motion" shall be excluded. *United States v. Barnes*, 159 F.3d 4, 11 (1st Cir.1998). A motion for funds qualifies as "any pretrial motion" within the definition of § 3161(h)(1)(F), and therefore these two days are excludable. *Cf. Id.* at 11–12 (excluding time from the filing of a motion through the conclusion of a hearing); *United States v. Santiago–Becerril*, 130 F.3d 11, 19 (1st Cir.1997) (exclusion of time attributable to one defendant is applicable to all codefendants); *Jodoin*, 672 F.2d at 237 (an oral motion for time to file a suppression motion falls within the exception set out in § 3161(h)(1)).

### 4. Defendant's Motion to Compel Discovery: February 25, 2004 through March 8, 2004: Thirteen Days.

■ On February 25, 2004, the Defendant filed a Motion to Compel Discovery.

---

4. Because the period between the filing and the ruling is excludable under *United States v. Rojo–Alvarez*, 944 F.2d 959, 966 (1st Cir. 1991), this Court does not reach the question of whether a Demand for Notice of Alibi, if it

had not been docketed as a motion, is sufficiently analogous to a motion to constitute an "other proceeding" within the meaning of 18 U.S.C. § 3161(h)(1). *See United States v. Jorge*, 865 F.2d 6, 11–12 (1st Cir.1988).

The Motion was a "pretrial motion" within the meaning of § 3161(h)(1)(F). *Cf. United States v. Nixon,* 779 F.2d 126, 131 (2d Cir.1985) (the day on which defense counsel renewed and the trial judge granted the motion to compel disclosure of discovery materials was excludable under § 3161(h)(1)(F) in computing time allowed under the STA). Although the time from February 25, 2004, when the Motion was filed, until May 11, 2004, when this Court granted the Defendant's Motion to Withdraw the Motion to Compel Discovery, is excludable under § 3161(h)(1)(F), the period from March 9, 2004 to April 6, 2004 has already been excluded under the Speedy Trial Order dated February 27, 2004, and the period from April 7, 2004, to May 11, 2004, is excluded for the reasons set forth below. Thus, the only time not yet excluded between February 25, 2004 and May 11, 2004 is February 25, 2004 through March 8, 2004.

### 5. Speedy Trial Order: March 9, 2004 to April 6, 2004: Twenty–Nine Days.

On February 27, 2004, following the Defendant's February 25, 2004 Motion to Continue Trial, this Court issued a Speedy Trial Order, excluding the period from March 9, 2004 to April 6, 2004 from the STA computations. The Defendant has not challenged the propriety of this Order, and therefore this twenty-nine day interval is excluded from the seventy-day clock.

### 6. Motions in Limine: April 7, 2004 through August 6, 2004: 122 Days.

 The Government contends that the period from April 1, 2004 through August 6, 2004 should be excluded from the STA computation, because the Defendant's three Motions in Limine were pending during this interval.[5] The First Circuit has confirmed that a motion in limine is a "pretrial motion" within the meaning of § 3161(h)(1)(F), and therefore the filing of such a motion can toll the STA clock. *United States v. Sposito,* 106 F.3d 1042, 1044 (1st Cir.1997). However, the First Circuit has noted that, if a court has "put off consideration of a motion," the time interval during which the motion was "dormant" should not be excluded. *Rojo–Alvarez,* 944 F.2d at 966. In *Rojo–Alvarez,* the sentencing court expressly reserved ruling on the merits of the motion in limine until trial, and the First Circuit concluded only the time between the filing of the motion in limine and the court's reservation ruling was properly excluded. *Id.* In *Sposito,* the First Circuit clarified that "any exception for dormant motions should at the very least be drawn narrowly" and refused to apply a dormant motion exception in absence of "any explicit indication to that effect by the district court." *Sposito,* 106 F.3d at 1045.

The Motions in Limine here were never "dormant." The Defendant filed each Motion on April 1, 2004, a Thursday. Upon the Defendant's filing, the Government immediately filed a Motion to Continue Trial, which had been scheduled to commence on April 6, 2004, that next Tuesday. This Court immediately scheduled a conference of counsel to hear argument on the Motion to Continue and granted the Government's Motion. The Government filed its responses to the Defendant's Motions in Limine on April 23, 2004. The Defendant's reply was due on May 4, 2004. On May 6, 2004, this Court scheduled an evidentiary hearing on the third Motion in Limine (*Daubert* hearing) for June 25, 2004. At

---

5. In *United States v. Papaleo,* 853 F.2d 16, 21 (1st Cir.1988), the First Circuit pointed out that both the date a motion is filed and the date on which the court disposes of the motion are part of an excludable period.

194

the outset of the June 25, 2004 hearing, this Court heard oral argument on the two non-testimonial Motions.[6] At the end of the evidentiary hearing, this Court set a further briefing schedule to allow the parties to address the evidence presented at the hearing. The Defendant's brief was due on June 30, 2004; the Government's response was due on July 7, 2004; and the Defendant's reply was due on July 9, 2004. This Court issued a ruling on all three Motions in Limine by written decision dated August 6, 2004.

In *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), the United States Supreme Court addressed a delay from November 3, 1980, when the defendant filed a motion to suppress, through March 25, 1981, when a hearing was held on the motion, to December 15, 1981, when the court received all filings in connection with the motion. In *Henderson*, the Supreme Court quoted § 3161(h)(1)(F): *"[A]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any pretrial motion*, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Henderson*, 476 U.S. at 326, 106 S.Ct. 1871. The Supreme Court held that "Congress intended subsection (F) to exclude from the Speedy Trial Act's 70–day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Id.* at 330, 106 S.Ct. 1871; *see also Sposito*, 106 F.3d at 1044.

The First Circuit has expanded on *Henderson* on a number of occasions. In *Sposito*, the First Circuit ruled that a government-filed motion in limine tolled the STA clock. *Sposito*, 106 F.3d at 1044–45. More significantly, in *United States v. McAfee*, 808 F.2d 862 (1st Cir.1986), the First Circuit, upon remand from the Supreme Court following *Henderson*, *see United States v. McAfee*, 479 U.S. 805, 107 S.Ct. 49, 93 L.Ed.2d 10 (1986), reversed its earlier ruling and concluded that a year–long delay between filing and hearing of motions did not violate the STA. *McAfee*, 808 F.2d at 863–64; *see also United States v. Torres Lopez*, 851 F.2d 520, 525–26 (1st Cir.1988), *cert. denied* 489 U.S. 1021, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989). In a case similar to the instant matter, the First Circuit upheld a determination that a delay from December 9, 1993, when the defendant filed motions for reconsideration, to August 2, 1996, when the court scheduled a hearing on the motions, was excludable under the STA. *United States v. Salimonu*, 182 F.3d 63, 67–68 (1st Cir. 1999); *see also Staula*, 80 F.3d at 601 (delay from November 17, 1994 through March 22, 1995 excludable).

Pursuant to *Henderson* and First Circuit cases following *Henderson*, the period from April 1, 2004, when the Defendant filed the Motions in Limine, to June 25, 2004, when the evidentiary hearing on the *Daubert* Motion was held, is excludable from the STA computation. However, April 1, 2004 through April 6, 2004 has already been excluded by the Speedy Trial Order, and therefore those dates cannot be excluded again. The calculation under § 3161(h)(1)(F) begins on April 7, 2004.

**6.** The colloquy at the outset of the June 25, 2004 hearing on the non-testimonial Motions in Limine constituted a "hearing" within the meaning of § 3161(h)(1)(F). *See United States v. Staula*, 80 F.3d 596, 602 (1st Cir. 1996), *cert denied*, 519 U.S. 857, 117 S.Ct.

156, 136 L.Ed.2d 101 (1996)("a hearing is any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion.").

■ This leaves two additional periods: (1) June 25, 2004 through July 9, 2004, when the parties were given leave to file memoranda; and, (2) July 9, 2004, when the matter was taken under advisement, through August 6, 2004, when the decision was issued.

■ 18 U.S.C. § 3161(h)(1)(J) requires the court decide the motion within thirty days after the hearing. However, if the court requires further filings at the hearing, the thirty-day period runs from the date of the last filing. *Henderson*, 476 U.S. at 331, 106 S.Ct. 1871; *United States v. Scott*, 270 F.3d 30, 55 (1st Cir.2001), *cert. denied*, 535 U.S. 1007, 122 S.Ct. 1583, 152 L.Ed.2d 501 (2002).[7] The period from June 25, 2004 to at least July 7, 2004 is excludable on this basis. Under § 3161(h)(1)(J), the Court had until August 6, 2004 within which to issue its ruling. *See Scott*, 270 F.3d. at 55. It did so.

This Court concludes that the 122–day period from April 7, 2004 through August 6, 2004 is excludable from calculations under the STA.

7. **Motion for Protection from Trial: August 7, 2004 through August 20, 2004: Fourteen Days.**

■ On July 28, 2004 the Government filed a Motion for Protection from Trial for certain specific days. The Defendant's response was due on August 18, 2004. This Court granted the Motion on August 20, 2004. The Motion for Protection from Tri-al tolled the speedy trial clock. *Cf. United States v. Colon*, 831 F.Supp. 912, 917–18 (D.Mass.1993) (motions for scheduling conferences and trial dates fall within the ambit of the expansive language of § 3161(h)(1)(F) and give rise to excludable time under the STA). Because the period from July 28, 2004 through August 6, 2004 was already excluded, those dates cannot be excluded again. Thus, the STA calculation begins on August 7, 2004 and ends on August 20, 2004.

8. **Motion to Dismiss: August 21, 2004 to September 7, 2004: Eighteen Days.**

■ On August 9, 2004 the Defendant filed the instant Motion to Dismiss. The Government had until August 30, 2004 within which to respond. The time from August 9, 2004 to August 30, 2004 is excludable as a pretrial motion under § 3161(h)(1)(F), and the time from August 30, 2004 to September 7, 2004 is excludable under § 3161(h)(1)(J). *Cf. Santiago–Becerril*, 130 F.3d at 20–21 (the time between the defendant's filing of his motion to dismiss the superseding indictment for lack of a speedy trial and the court's denial of the motion is excludable under § 3161(h)(1)(F)). However, because the period from August 9, 2004 through August 20, 2004 was already excluded, those dates cannot be excluded again. Thus, the STA calculation begins on August 21, 2004 and ends on September 7, 2004.[8]

---

**7.** The briefing schedule set at the hearing called for the Defendant to file a memorandum by June 30, 2004; the Government to respond by July 7, 2004; and the Defendant to reply by July 9, 2004. The Defendant elected not to file a reply memorandum. This Court's decision was issued on August 6, 2004, within thirty days of July 7, 2004, and therefore this Court does not need to reach the question of whether the thirty-day period under 18 U.S.C. § 3161(h)(1)(J) starts when the last memorandum was due or actually filed. *See United States v. Rodriguez*, 63 F.3d 1159, 1166 (1st Cir.1995), *cert. denied*, 516 U.S. 1032, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995).

**8.** The Defendant also contends his STA rights were violated when this Court granted the Government's Motion to Continue Trial without providing reasons for finding that the ends of justice outweighed the Defendant's

## IV. Conclusion

When the periods excludable under § 3161(h) are calculated, there is no Speedy Trial Act violation under § 3161(c)(1), and therefore the Defendant's Motion to Dismiss is DENIED.

SO ORDERED.

interests in a speedy trial. This Court's Order provides:

> [O]n April 1, 2004, the Defendant filed a Motion in Limine, challenging the Government's anticipated expert testimony on footwear impression comparisons. The Defendant's challenge will necessitate a Daubert hearing before the Court and the Government has contended it would be unable to respond adequately to the Daubert challenge without time to seek out and prepare expert testimony. The Court is cognizant of the Defendant's objection, especially in view of the fact the Defendant is in custody. However, the Court has determined it is not in the interest of justice to force the Government to respond to Defendant's April 1, 2004 motion while at the same time attempting to prepare for trial, which had been scheduled to commence on April 6, 2004.

The STA excludes any period of delay resulting from the court's granting of a continuance if the continuance was granted on the basis of findings that the ends of justice served outweigh the speedy trial interest. 18 U.S.C. § 3161(h)(8)(A); *United States v. Santiago–Becerril*, 130 F.3d 11, 16 (1st Cir.1997). To ensure the appropriateness of balancing the interests of the government, the defendant, and the public, the trial court ordinarily must elucidate its reasons for approving such a continuance. *United States v. Pringle*, 751 F.2d 419, 432 (1st Cir.1984). However, where the motion sets forth the basic facts, and they are obvious, it is not necessary for the court to articulate them. *Barnes*, 251 F.3d at 256; *United States v. Mitchell*, 723 F.2d 1040, 1044 (1st Cir.1983). In *Mitchell*, the Court granted the government's motion for extension of time to file an indictment, stating:

> Allowed. The ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial because the facts upon which the grand jury must base its determination are unusual because of the volume of papers which must be submitted to analysis.

*Mitchell*, 723 F.2d at 1043.